IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

ROSAN MACK,

                Defendant.

_____

**DECISION AND ORDER**

10-cr-00031(A)(M)

      This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial proceedings ([17]).[1] Before me are defendant's non-dispositive discovery motions ([22], [53]).[2] For the following reasons, I order that defendant's motions be denied, and that the government's cross-motion for reciprocal discovery ([23], p.13) be granted.

**BACKGROUND**

      Defendant is charged in a three-count indictment with producing child pornography, in violation of 18 U.S.C. §2251(a) (indictment [16], Count One), and with possessing child pornography, in violation of 18 U.S.C. §2252A(a)(5)(B) (id., Counts Two and Three).

---

    [1]    Bracketed references are to CM-ECF docket entries.

    [2]    Defendant's dispositive motions and request for a Franks hearing are addressed in a separate Report, Recommendation and Order being filed simultaneously with this decision. Defendant has indicated that all issues, other than those addressed herein and in my Report, Recommendation and Order, are no longer in dispute ([81]).

## ANALYSIS

A.   **Defendant's Motions**

  1.   **Motion for Expert Disclosure**

Defendant seeks expert disclosures pursuant to Fed. R. Crim. P. ("Rule") 16(a)(1)(G). Comerford Affirmation [22], ¶10(i). The government responds that it "has not decided if it will call an expert witness at trial", and if it decides to use such an expert, it will comply with Rule 16 and Fed. R. Evid. 702, 703, and 705. Government's Response [23], p.7. Based on the government's representations, this aspect of defendant's motion is denied as moot. However, the timing of the government's expert disclosure, if any, shall occur no later than the deadline set by the District Judge.

  2.   **Motion for Preservation of Evidence**

Defendant requests that I direct the government to preserve all rough notes related to this case. Comerford Affirmation [22], ¶¶43-46. The government responds that it "will endeavor to maintain such materials, should they exist." Government's Response [23], p.7. Given the government's representation, this aspect of defendant's motion is denied as moot.

  3.   **Motion for Disclosure of Informant Information**

Defendant moves for disclosure of the identities of all informants utilized by the government in its investigation of this case, as well as information relating to their credibility. Comerford Affirmation [22], ¶¶11-16. According to defendant, "disclosure of th[is] information

is essential to a fair determination of the charges filed against the defendant." Id., ¶14. In response, the government argues that "no basis has been asserted by the defendant to warrant compliance with such a request." Government's Response [23], p.7  I agree with the government.

In general, the government may withhold from disclosure the identity of individuals who inform law enforcement officers of violations of the law. *See* Roviaro v. United States, 353 U.S. 53, 59 (1957); United States v. Jackson, 345 F. 3d 59, 69 (2d Cir. 2003), cert. denied, 541 U.S. 956 (2004). Disclosure of a confidential informant's identity is an "extraordinary remedy". United States v. Muyet, 945 F. Supp. 586, 602 (S.D.N.Y. 1996). Defendant bears the burden of making "'a specific showing that disclosure was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case'". United States v. Bejasa, 904 F. 2d 137, 139 -140 (2d Cir.), cert. denied, 498 U.S. 921 (1990).

Defendant having failed to make any specific showing as to the necessity for the disclosure of informant information, this aspect of his motion is denied.

### 4.     Motion for Production of Brady/Giglio Material

Defendant moves for production of all Brady/Giglio[3] material in advance of trial. Comerford Affirmation [22], ¶¶17-22. The government "acknowledges its affirmative continuing duty to provide a defendant with exculpatory evidence, under the authority of Brady, as well as evidence that the defendant might use to impeach the government's witnesses at trial",

---

[3]     Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 105 (1979).

and will produce Brady impeachment material "in accordance with the schedule set by the District Court prior to trial and no later an then the government produces and delivers the Jencks Act material". Government's Response [23], pp.9-11. Based on the government's representations, this aspect of defendant's motion is denied as moot.

5. **Motion for Production of Fed. R. Evid. 404(b), 608 and 609 Evidence**

Defendant seeks pretrial notice of any Fed. R. Evid. 404(b), 608 and 609 evidence. Comerford Affirmation [22], ¶¶27-34. The government responds that it "will provide this information consistent with its disclosure of Jenks material." Government's Response [23], p.12. Based on the government's representation, this aspect of defendant's motion is denied as moot. *See* United States v. Newton, 2009 WL 2876169, *4 (W.D.N.Y. 2009) (Schroeder, M.J.).

6. **Jencks Act Material**

Defendant seeks pre-trial disclosure of Jencks Act material pursuant to 18 U.S.C. §3500. Comerford Affirmation [22], ¶¶35-42. The government responds that it has previously provided defendant with "the sum and substance of the statements made by various witnesses . . . exclusive of grand jury testimony", and that it will provide all Jencks material "at a time no later than two weeks prior to trial o [*sic*] as ordered by the District Court." Government's Response [23], pp.8-9. Based on the government's representations, this aspect of defendant's motion is denied as moot.

### 7. Motion for Discovery/Demand for a Bill of Particulars

Defendant seeks an order requiring the government to identify "how the actions alleged in the Indictment affected interstate commerce", "what instrumentality was mailed, shipped or transported in interstate or foreign commerce", and "the manner in which interstate commerce was affected." Addelman Supplemental Affidavit [53], ¶¶9-10.

The circumstances warranting a bill of particulars are limited. A defendant may obtain a bill of particulars only if the requested information is necessary "(i) to enable him to prepare his defense; (ii) to avoid unfair surprise at trial; and (iii) to preclude a second prosecution for the same offense." United States. v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1985). "In deciding a motion for a bill of particulars, '[t]he important question is whether the information sought is necessary, not whether it is helpful.'" United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994).

"[B]efore a court will order the Government to provide a bill of particulars, the defendant must make a 'particularized showing of need' for the information." United States v. Gonzalez, 1994 WL 689065, *2 (S.D.N.Y. 1994). The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form." United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F. 2d 1141, 1148 (2d Cir. 1984).

Even had defendant made a particularized showing of need for this information, the government's jurisdictional allegations are manifest. The government argues that "the DVDs which were used to produce and contain the child pornography were manufactured outside the State of New York, the affected commerce and, therefore, jurisdiction is proper." Government's Response to Defendant's Supplemental Motion [57], p.10. The indictment ([16]) also alleges that jurisdictional basis for each Count. For example, Count One alleges that the "visual depiction was produced using materials that had been mailed, shipped and transported in interstate and foreign commerce" ([16]).

Based upon the government's representation and the allegations of the Indictment, defendant has not established his entitlement to a bill of particulars or discovery in this regard. *See* United States v. Remire, 400 F.Supp.2d 627, 633 (S.D.N.Y. 2005) (Defendant "seeks a bill of particulars specifying . . . 'all relevant facts related to the element of interstate commerce'. . . . This motion is denied because the indictment sufficiently advises Remire of the acts he is accused of committing"). Therefore, this aspect of defendant's motion is denied.

**B.      Government's Cross-Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [23], p.13. Defendant has not opposed this request. Therefore, the government's motion is granted. "Defendant shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct." United States v. Sikut, 488 F. Supp. 2d 291, 304 -305 (W.D.N.Y. 2007) (Foschio, M.J./Arcara, J.).

## CONCLUSION

For these reasons, I order that defendant's non-dispositive discovery motions ([22, 53]) be denied, and that the government's cross-motion for reciprocal discovery ([23], p.13) be granted.

Dated: March 5, 2012

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge